**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**LEUNDRELL TREMAINE LENOIR** **PLAINTIFF**

**V.** **NO. 1:25-CV-84-DMB-DAS**

**YOKOHOMA TIRES** **DEFENDANT**

# ORDER

Yokohoma Tires moves to dismiss LeUndrell Tremaine Lenoir's Title VII race discrimination and retaliation claims on arguments that they fail to state a claim upon which relief can be granted. Because Lenoir failed to plead sufficient facts to maintain his claims, the motion to dismiss will be granted.

## I
## Procedural History

On June 2, 2025, LeUndrell Tremaine Lenoir filed a pro se "Complaint for Employment Discrimination" against Yokohoma Tires in the United States District Court for the Northern District of Mississippi, alleging Title VII failure to promote and retaliation claims.[1] Doc. #1. Before filing suit, Lenoir filed a Charge of Discrimination with the Equal Employment Opportunity Commission on May 6, 2025; and received a "Determination and Notice of Rights" letter dated May 15, 2025. Docs. #1-1, #10-1.

On September 1, 2025, Yokohama Tire Manufacturing Mississippi, LLC, asserting that it was "incorrectly identified as Yokohoma Tires,"[2] filed a motion to dismiss with prejudice Lenoir's

[1] Lenoir used a form to prepare his complaint. In the "Cause of Action" section, he checked the box specifying that his "employment discrimination lawsuit is brought under … Title VII of the Civil Rights Act of 1964, as amended." Doc. #1 at 3.

[2] Since Yokohama Tire Manufacturing Mississippi, LLC, did not move to modify the style of this case or to correct how it is identified, the Court references the defendant as identified in Lenoir's complaint.

claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #10. Lenoir responded to the motion on September 25. Doc. #12. Yokohoma replied two days later. Doc. #13.

## II
## Standard

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) asserts a "failure to state a claim upon which relief can be granted." To survive dismissal under a Rule 12(b)(6) motion, "a complaint must present enough facts to state a plausible claim to relief. … A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). However, the Court "do[es] not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Id.* (quoting *Great Lakes*, 624 F.3d at 210). In evaluating a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. U.S. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (per curiam) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

## III
## Factual Allegations

LeUndrell Tremaine Lenoir, who is Black, began employment with Yokohoma Tires on or about January 11, 2015. Doc. #10-1[3] at PageID 25. During a meeting on or around November 12,

[3] Document #10-1 is the Charge of Discrimination Lenoir filed with the Equal Employment Opportunity Commission ("EEOC") on May 6, 2025, which Yokohoma attached to its motion to dismiss. Though Lenoir did not attach a copy

2024, a team leader (Black male) attempted to assault him. *Id.* Lenoir immediately reported the incident to the H.R. representative (White female) because Yokohoma has a zero-tolerance policy on workplace violence. *Id.* Lenoir was written up when he was not the aggressor in the situation. *Id.*

In January, Lenoir was not given his yearly raise even though he qualified for it. *Id.* On February 14, 2025, Lenoir applied for a team lead position but it was given to a less qualified coworker (Black male) he trained. *Id.*

## IV
## <u>Analysis</u>

Yokohoma argues that Lenoir's claims should be dismissed because he fails to state Title VII claims for racially discriminatory failure to promote and retaliation. Doc. #11 at 3, 5. Lenoir responds that "[he] do[es] not want to drop any charges that [he has] going against Yokohoma;" "everything that happened to [him] on the job was true;" "[he has] witnesses from statements and [his] Team Leader Ray McGregory was present when some things had occured [sic];" "[he has] been discriminated/embarrassed on sevral [sic] occasions;" and "[he] want[s] to move forward with [his] lawsuits." Doc. #12. Yokohoma replies that "[Lenoir's] conclusory response, which was filed ten days late, is clearly insufficient"[4] and "[Lenoir] has failed to rebut [its] well-supported arguments." Doc. #13 at 1.

### A. Failure to Promote

Yokohoma argues that Lenoir's failure to promote claim "should be dismissed due to his failure to state a claim upon which relief can be granted" because Lenoir "alleges that another

of it to his complaint, it is properly considered by the Court because Lenoir references it in his complaint. *Serrano*, 975 F.3d at 496.

[4] Yokohoma is correct that Lenoir's response is untimely. *See* L.U. Civ. R. 7(b)(4) (setting fourteen-day period to respond to motion). In the interest of deciding the motion to dismiss on the merits and because Yokohoma did not move to strike Lenoir's response, the Court excuses Lenoir's untimeliness.

'Black/male' co-worker was chosen over [him] for the position of team lead;" and since "[Lenoir] is also Black[,] … as a matter of law [he] cannot prove [it] filled the position at issue with 'a person outside of [his] protected class.'"[5] Doc. #11 at 5 (quoting *Williams-Boldware v. Denton Cnty. Tex.*, 741 F.3d 635, 643 (5th Cir. 2014)).

"Under Title VII, it is 'an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." *Stelly v. Dep't of Pub. Safety and Corr. La. State*, 149 F.4th 516, 521 (5th Cir. 2025) (quoting 42 U.S.C. § 2000e-2(a)). "Where, as here, a plaintiff relies on circumstantial evidence to prove her Title VII discrimination case, the *McDonnell Douglas* burden-shifting framework applies." *Shahrashoob v. Tex. A&M Univ.*, 125 F.4th 641, 648–49 (5th Cir. 2025). "Under that framework, [the plaintiff] must first make a prima facie case of race discrimination, and then the burden of production shifts to [the defendant] to proffer a legitimate, nondiscriminatory reason for [its] action." *Watkins v. Tregre*, 997 F.3d 275, 281 (5th Cir. 2021) (citing *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 216 (5th Cir. 2016)).

> In a failure-to-promote case … a plaintiff establishes a prima facie case of race-based discrimination by demonstrating that (1) she is a member of the protected class; (2) she sought and was qualified for a position for which applicants were being sought; (3) she was rejected for the position; (4) the employer hired a person

[5] Yokohoma, as does this Court, assumes that Lenoir alleges race discrimination based on his EEOC charge though his complaint alleges discrimination based on "color." Doc. #11 at 2; Doc. #1 at 4. The Court agrees with Yokohoma that if Lenoir intended to claim discrimination based on color, his complaint is properly dismissed for failure to exhaust administrative remedies since his EEOC charge does not claim discrimination based on color. Doc. #11 at 3 n.2. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) ("We construe EEOC claims liberally, but we will not consider claims that were not asserted before the EEOC or that do not fall within 'the scope of the EEOC investigation which "can reasonably be expected to grow out of the charge of discrimination"' a plaintiff makes before the EEOC.") (quoting *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006)); *Shaw v. Ciox Health, LLC*, No. CV 19-14778 2020 WL 12846622, at *3 (E.D. La. July 8, 2020) ("[Plaintiff's] EEOC charge alleged only racial discrimination, not color discrimination. … Although Plaintiff referred to her race as 'Black,' … a color discrimination claim could not reasonably be expected to grow out of this. … Plaintiff's claim of color discrimination has not been exhausted and must be dismissed.").

> outside of the plaintiff's protected class or continued to seek applicants with the plaintiff's qualifications.

*McMullin v. Miss. Dept. of Pub. Safety*, 782 F.3d 251, 258 (5th Cir. 2015). However, "[i]n an employment discrimination case, the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth … in *McDonnell Douglas*." *Norsworthy v. Hou. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). "The prima facie case under *McDonnell Douglas* … is an evidentiary standard, not a pleading requirement." *Id*. (omission in original) (quoting *Swierkiewicz*, 534 U.S. at 510). But in framing a motion to dismiss inquiry, "a district court may find it helpful to reference *McDonnell Douglas*." *Id*.

Since Lenoir is Black, he is a member of a protected class. *See Lyes v. Tex. Alcohol Beverage Comm'n*, 379 F. App'x 380, 383 (5th Cir. 2010) ("Lyles, an African–American, is a member of a protected class."). But because Lenoir alleges that the team lead position was given to a black male, he fails to state a prima facie case of race discrimination for failure to promote—even if he satisfies all the other elements.[6] *See Jefferies v. Harris Cnty. Cmty. Action Ass'n*, 615 F.2d 1025, 1030 (5th Cir. 1980) ("We agree with the district court that Jeffries failed to prove race discrimination in promotion. Jones, who was promoted in an acting capacity to the job Jeffries sought, was black [too]."). Lenoir's failure to promote claim will be dismissed.

### B. Retaliation

Yokohoma maintains that Lenoir's Title VII retaliation claim should be dismissed because

[6] Yokohoma accurately states that Lenoir's "[c]omplaint does not identify the position to which he was allegedly denied a promotion." Doc. #11 at 3–4. Lenoir does not identify the position in his EEOC charge either. Doc. #10-1. And Lenoir does not allege, nor can the Court determine, that he was qualified for the position. So, alternatively, Lenoir's failure to promote claim is dismissed because he has not established these elements. *See Woods v. STS Servs., L.L.C.*, 164 F.4th 394, 397 (5th Cir. 2026) ("Because Woods did not sufficiently plead that she was qualified for the position, she failed to state a Title VII claim.").

"[Lenoir] cannot meet his burden of establishing a *prima facie* case of retaliation for any of the incidents alleged in the Complaint and/or the [EEOC] Charge." Doc. #11 at 6. Specifically, Yokohoma argues that "[Lenoir] cannot establish that he engaged in protected activity prior to any of the alleged retaliatory acts;" "[t]he written disciplinary action taken by [it] against [Lenoir] in response to the November 2024 incident between [Lenoir] and a Team Leader does not constitute an adverse employment action;" and "[Lenoir] did not exhaust his administrative remedies regarding the alleged retaliatory action on April 17, 2025." *Id.* at 7, 8 (emphases omitted).

The *McDonnell Douglas* burden shifting analysis is properly considered as to Lenoir's retaliation claim since it is based on circumstantial evidence. *Owens v. Circassia Pharm. Inc.*, 33 F.4th 814, 835 (5th Cir. 2022). "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in activity protected under the statute, (2) her employer took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse action." *Lewis v. Bd of Supervisors of La. State Univ.*, 134 F.4th 286, 295 (5th Cir. 2025) (citing *Feist v. La. Dep't of Just.*, 730 F.3d 450, 454 (5th Cir. 2013)). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Id.* (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003); 42 U.S.C. § 2000e-3(a). An adverse employment action is one that "well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)); *Johnson v. Halstead*, 916 F.3d 410, 419–20 (5th Cir. 2019) (quoting *Burlington N.*, 548 U.S. at 67). The casual connection element can be satisfied by showing "[c]lose timing between an employee's protected activity and an adverse action against

him." *Feist*, 730 F.3d at 454 (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007)).

Lenoir's filing of an EEOC charge constitutes a protected activity. *Lewis*, 134 F.4th at 295. As for the adverse employment action element, Lenoir alleges in his complaint that he was "written up, suspend[ed], getting denied of promotion, didn't … get [his] correct raise or never being evaluated;" and "HR Kathryn Brown / Raw Material Manager Wendi Rogers tried to fire [him] or suspend [him] on several occasions." Doc. #1 at 4. Lenoir's complaint lists the dates of alleged retaliation as November 14, 2024, January 3, 2025, and April 17, 2025, but does not specify what occurred on those dates relative to his retaliation claim. *Id.* at 3. In his EEOC charge, Lenoir claims that "[d]uring a meeting on or around November 12, 2024, a team leader … attempted to assault [him]" and he was "the one written up;" and "[i]n January, [he] was not given [his] yearly raise even though [he] qualified for it." Doc. #10-1 at PageID 25.

Yokohoma argues that a "written warning does not constitute an adverse employment action under Title VII." Doc. #11 at 8. The Court agrees. *See Hudson v. Lincare, Inc.*, 58 F.4th 222, 232 (5th Cir. 2023) ("[A] warning about Hudson's work performance, with no accompanying changes to her job, is not a 'materially adverse' employment action."); *accord Stuntz v. Lion Elastomers, LLC*, 826 F. App'x 391, 403 (5th Cir. 2020).

To the extent that any of Lenoir's other allegations constitute an adverse employment action, Lenoir cannot satisfy the causal connection element of his retaliation claim. To show a prima facie case of retaliation, the protected activity must precede the adverse employment action to establish the requisite causal connection. *See Saketoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 1000 (5th Cir. 2022) ("Because there is no evidence that Dr. Saketkoo engaged in protected activity before [the adverse employment action], she has failed to make a prima facie case of

retaliation."). Lenoir filed his EEOC charge on May 6, 2025, *after* the dates he alleges retaliation occurred.

Lenoir's claim that retaliation occurred on April 17, 2025, is also barred due to his failure to exhaust administrative remedies because Lenoir does not mention it in his EEOC charge. *See Ganheart v. Brown*, 740 F. App'x 386, 390–91 (5th Cir. 2018) ("Dismissal of the retaliation claim related to the 2016 demotion was also proper. Ganheart's EEOC charge describes only misconduct alleged to have occurred in 2014 and 2015. … We have deemed a claim unexhausted when the incident from which it arose was not alleged in the EEOC charge.").

For all these reasons, Lenoir's Title VII retaliation claim will be dismissed.

## V
## Conclusion

Yokohoma's motion to dismiss [10] is **GRANTED**. Lenoir's claims are **DISMISSED with prejudice**.[7]

**SO ORDERED**, this 29th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

[7] Typically, "courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Ricks v. Khan*, 135 F.4th 296, 300–01 (5th Cir. 2025) (quoting *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011). Because Lenoir is unable to satisfy necessary elements of both of his claims, dismissal with prejudice is proper.